**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **CHASSITY EBBOLE,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**BRIGHTHOUSE FINANCIAL, INC. and METLIFE, INC.**<br><br>**Defendants** | * * * * * * * * * * * | **CIVIL ACTION NO. 1:24-cv-339** |

| | | |
|---|---|---|
| **CHASSITY EBBOLE,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**BRIGHTHOUSE LIFE INSURANCE COMPANY**<br><br>**Defendant** | * * * * * * * * * * * | **CIVIL ACTION NO. 1:24-cv-339** |

**FIRST AMENDED COMPLAINT**

Comes now the Plaintiff CHASSITY EBBOLE, pursuant to Rule 15 (a)(1)(B) of the *Federal Rules of Civil Procedure*, and files this First Amended Complaint as a matter of course against the Defendant BRIGHTHOUSE LIFE INSURANCE COMPANY, as a substituted defendant under Rule 19(a)(1), as follows hereinafter:

1. Plaintiff CHASSITY EBBOLE (hereafter "EBBOLE") is an adult resident of Mobile County, Alabama.

2. Defendant BRIGHTHOUSE LIFE INSURANCE COMPANY, (hereafter

"BRIGHTHOUSE") is a foreign corporation doing business in the State of Alabama, including Mobile County, Alabama by offering and selling life insurance products to residents located in said state and county.

3. Defendant BRIGHTHOUSE is joined under Rule 19 (a)(1) because in its absence this court cannot accord complete relief, inasmuch as the Response of the defendants BRIGHTHOUSE FINANCIAL, INC. and MET LIFE, INC. (Doc. 3, ¶¶ 6-8) note that BRIGHTHOUSE is the correctly named issuer of the life insurance policy made the basis of this action, and the sole responsible party for the claims asserted herein by the plaintiff EBBOLE. As such, the plaintiff hereby substitutes BRIGHTHOUSE for defendants BRIGHTHOUSE FINANCIAL, INC. and MET LIFE, INC. as the sole defendant.

5. Plaintiff EBBOLE is the surviving spouse of VICTOR R. TEUMER (hereafter "TEUMER"), deceased, who died on October 2, 2020 a resident of Mobile County.

6.. EBBOLE and TEUMER were lawfully married on June 4, 2020 in Mobile County, Alabama.

7. At the time of his death, TEUMER was insured under a $500,000 life insurance policy, bearing policy number 212244265US (hereafter "POLICY"), upon information and belief, issued by defendant BRIGHTHOUSE.

8. Prior to his marriage to EBBOLE, on July 31, 2018, TEUMER executed an instrument entitled "Life Insurance Change of Beneficiary" to the POLICY naming EBBOLE as the sole beneficiary in the event of his death (hereafter "2018 COB"). The COB designated "100%," thereby validly designating EBBOLE as the only beneficiary to receive the entire $500,000 policy proceeds upon his death. A true and correct copy of the said 2018 Change of Beneficiary as executed by TEUMER is attached to the initial complaint as <u>Exhibit A.</u>

9. TEUMER provided the 2018 COB to the defendant BRIGHTHOUSE which, upon information and belief, changed the POLICY beneficiary on its records to EBBOLE.

10. On the date of TEUMER'S death on October 2, 2020, the 2018 COB remained in full force and effect, and EBBOLE remained the designated beneficiary of the $500,000 proceeds of the POLICY on the records of BRIGHTHOUSE.

11. On or about December 7, 2020, BRIGHTHOUSE denied EBBOLE's claim for payment of the $500,000 death benefit under the POLICY.

12. Upon information and belief, BRIGHTHOUSE paid the $500,000 benefits due EBBOLE under the POLICY to TEUMER'S former wife.

## FIRST CAUSE OF ACTION

## (BREACH OF CONTRACT)

13. The allegations of paragraphs 1-12 are re-averred and incorporated by reference as though fully set forth.

14. Defendant BRIGHTHOUSE has breached the terms of the life insurance contract as set forth in the POLICY and the 2018 COB by failing to remit the $500,000 death benefit to the plaintiff EBBOLE as the designated beneficiary thereof.

15. As a proximate result of the breach by BRIGHTHOUSE, it foreseeably caused damage to EBBOLE by which she suffered the loss of the proceeds and personal injuries, including but not limited to, mental anguish and emotional distress including anger and lack of sleep.

WHEREFORE, the premises considered, the plaintiff CHASSITY EBBOLE demands judgment of the defendant BRIGHTHOUSE LIFE INSURANCE COMPANY for compensatory

damages in the amount of $500,000 plus interest and costs, and further demands such other and different relief to which she may be entitled.

**SECOND CAUSE OF ACTION**

**(CONVERSION)**

16. The allegations of paragraphs 1-15 are re-averred and incorporated by reference as though fully set forth.

17. Defendant BRIGHTHOUSE is guilty of the conversion of 1) the said POLICY proceeds of $500,000, by intentionally or recklessly paying the same to TEUMER'S former wife instead of remitting the same to EBBOLE as the lawful beneficiary, 2) the vested legal rights of EBBOLE under the POLICY, and/or 3) the vested legal rights under the 2018 COB and/or conversion of the COB itself.

WHEREFORE, the premises considered, the plaintiff CHASSITY EBBOLE demands judgment of the defendant BRIGHTHOUSE INSURANCE COMPANY for compensatory damages in the amount of $500,000, plus interest and costs, together with punitive damages, and further demands such other and different relief to which she may be entitled.

*/s/ William M. Lyon, Jr.*
WILLIAM M. LYON, JR., ESQ.
(LYONW9234)
Attorney for the Plaintiff Chassity Ebbole

**OF COUNSEL:**

LYON LAW FIRM, P.C.
118 North Royal Street, Suite 701.
Mobile, AL 36602
(251) 490-4446
bj@lyonlawpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was filed on October 1, 2024 via the Court's CM/ECF electronic filing system which will serve a copy on all counsel of record.

*/s/ William M. Lyon, Jr.*
WILLIAM M. LYON, JR., ESQ.