# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHASSITY EBBOLE, | ) |
| | ) |
|    Plaintiff and | ) |
|    Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 1:24-cv-339 |
| BRIGHTHOUSE LIFE INSURANCE | ) |
| COMPANY. | ) |
| | ) |
|    Defendant and | ) |
|    Counterclaim Plaintiff. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

COMES NOW, Defendant Brighthouse Life Insurance Company ("Brighthouse"), and hereby submits its Answer and Affirmative Defenses to Plaintiff Chassity Ebbole's ("Plaintiff") First Amended Complaint (Doc. 5) and Counterclaim for Declaratory Judgment.

## ANSWER

1. Brighthouse is without sufficient information admit or deny the allegations of this Paragraph, and therefore denies same and demands strict proof thereof.

2. Brighthouse is a corporation incorporated under the laws of Delaware with its principal place of business in North Carolina. Brighthouse admits it conducts business in the State of Alabama and in Mobile County, Alabama.

3. Brighthouse admits life insurance policy number 212244245US with a face amount of $500,000 insuring the life of the late Victor Teumer (the "Policy") was issued by an entity now known as Brighthouse Life Insurance Company. Brighthouse asserts the remaining allegations of this Paragraph contain legal conclusions to which no response is required. To the

1

extent the remaining allegations of this Paragraph contain factual allegations, Brighthouse denies such allegations and demands strict proof thereof.

4. [Omitted]

5. Brighthouse admits Victor R. Teumer (the "Decedent") died on October 2, 2020, a resident of Mobile County, Alabama. Brighthouse is without sufficient information to admit or deny the remaining allegations of this Paragraph and therefore denies same and demands strict proof thereof.

6. Brighthouse is without sufficient information to admit or deny the allegations of this Paragraph, and therefore denies same and demands strict proof thereof.

7. Brighthouse admits that at the time of the Decedent's death, he was insured under the Policy issued by an entity now known as Brighthouse Life Insurance Company.

8. Brighthouse admits it received a Life Insurance Change of Beneficiary form dated July 31, 2018, designating Plaintiff as the 100% primary beneficiary of the Policy. Brighthouse is without sufficient information to admit or deny the validity of the Life Insurance Change of Beneficiary form dated July 31, 2018, and therefore denies same and demands strict proof thereof. Brighthouse denies the remaining allegations of this Paragraph and demands strict proof thereof.

9. Brighthouse is without sufficient information to admit or deny the validity of the Life Insurance Change of Beneficiary form dated July 31, 2018, and therefore denies same and demands strict proof thereof. Brighthouse denies the remaining allegations of this Paragraph and demands strict proof thereof.

10. Brighthouse is without sufficient information to admit or deny the validity of the Life Insurance Change of Beneficiary form dated July 31, 2018, and therefore denies same and

demands strict proof thereof. Brighthouse denies the remaining allegations of the Paragraph and demands strict proof thereof.

11. Brighthouse admits it sent a letter to Plaintiff on or about December 7, 2020, denying her claim to the Policy death benefit.

12. Brighthouse admits the Policy death benefit was paid to the Decedent's former spouse Lee Teumer.

## FIRST CAUSE OF ACTION

## (BREACH OF CONTRACT)

13. Brighthouse restates and incorporates herein by reference its responses to the preceding Paragraphs as if fully set forth herein.

14. Brighthouse denies the allegations of this Paragraph and demands strict proof thereof.

15. Brighthouse denies the allegations of this Paragraph and demands strict proof thereof.

Brighthouse denies the allegations set forth in the unnumbered WHEREFORE Paragraph and further denies that Plaintiff is entitled to any of the relief she seeks.

## SECOND CAUSE OF ACTION

## (CONVERSION)

16. Brighthouse restates and incorporates herein by reference its responses to the preceding Paragraphs as if fully set forth herein.

17. Brighthouse denies the allegations of this Paragraph and demands strict proof thereof.

Brighthouse denies the allegations set forth in the unnumbered WHEREFORE Paragraph and further denies that Plaintiff is entitled to any of the relief she seeks.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's alleged damages, if any, were not proximately caused by any act or omission of Brighthouse, its agents, or its employees.

### Third Affirmative Defense

Brighthouse pleads the affirmative defense of laches.

### Fourth Affirmative Defense

Brighthouse pleads the affirmative defense of waiver.

### Fifth Affirmative Defense

Brighthouse pleads the affirmative defense of failure to provide proof of loss.

### Sixth Affirmative Defense

Brighthouse pleads the affirmative defense of failure to mitigate damages.

### Seventh Affirmative Defense

Brighthouse pleads the affirmative defense of res judicata.

### Eighth Affirmative Defense

Brighthouse pleads the affirmative defense of unclean hands.

### Ninth Affirmative Defense

A reasonable insurer would have acted similarly to Brighthouse under the same or similar circumstances.

**Tenth Affirmative Defense**

At all times complained of, Brighthouse breached no contractual and/or legal duties owed to Plaintiff.

**Eleventh Affirmative Defense**

Any payments by Brighthouse under the Policy were made under authority of law.

**Twelfth Affirmative Defense**

Brighthouse did not violate any law with payments made under the Policy.

**Thirteenth Affirmative Defense**

Brighthouse did not act with malice.

**Fourteenth Affirmative Defense**

The Life Insurance Change of Beneficiary form dated July 31, 2018, was not valid.

**Fifteenth Affirmative Defense**

With respect to Plaintiff's demands for punitive damages, Brighthouse specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards set forth in the United States Supreme Court decisions of *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), *Cooper Indus., Inc. v. Leatherman Tool Grp.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Sixteenth Affirmative Defense**

Plaintiff is not entitled to punitive damages pursuant to Alabama Code § 6-11-20, *et seq*.

**Seventeenth Affirmative Defense**

Any punitive damages award is impermissible under the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

**Eighteenth Affirmative Defense**

A lack of sufficient standards governing punitive damages awards in Alabama violates the Due Process Clause of the Fourth Amendment of the United States Constitution.

**Nineteenth Affirmative Defense**

There should be no recovery of punitive damages against Brighthouse because such a recovery would violate, jointly and individually:

- a. The Eighth Amendment to the Constitution of the United States.
- b. The Fourteenth Amendment to the Constitution of the United States.
- c. The Fifth Amendment to the Constitution of the United States.
- d. The Sixth Amendment to the Constitution of the United States.
- e. The Tenth Amendment to the Constitution of the United States.
- f. Article One, Section Fifteen of the Constitution of Alabama of 1901.
- g. Article One, Section Seven of the Constitution of Alabama of 1901.

**Twentieth Affirmative Defense**

Plaintiff's Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates Brighthouse's right to protection from "excessive fines" as provided in Article I, Section 15 of the Constitution of the State of Alabama, and violates Brighthouse's right to substantive due process as provided in the Constitution of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

**Twenty-First Affirmative Defense**

Any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of

life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

**Twenty-Second Affirmative Defense**

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose punitive damages against Brighthouse, which are penal in nature, yet compel Brighthouse to disclose potentially incriminating documents and evidence.

**Twenty-Third Affirmative Defense**

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Brighthouse that are penal in nature by requiring a burden of proof on the plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

Brighthouse reserves the right to amend this Answer and/or assert additional affirmative defenses as permitted by the Federal Rules of Civil Procedure or under any order of this Court.

*[remainder of this page intentionally left blank]*

# COUNTERCLAIM FOR DECLARATORY JUDGMENT

## Parties

1. Counterclaim Plaintiff Brighthouse Life Insurance Company ("Brighthouse") is a corporation incorporated under the laws of Delaware with its principal place of business in North Carolina.

2. Counterclaim Defendant Chassity Ebbole ("Ebbole") is a citizen of the State of Alabama domiciled in Mobile County.

## Jurisdiction and Venue

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Brighthouse and Ebbole, and the amount in controversy exceeds the $75,000 jurisdictional minimum.

4. This Court also has jurisdiction over Brighthouse's compulsory counterclaim.

5. This Court is the proper venue of this declaratory judgment action pursuant to 28 U.S.C. § 1391(b)(1) because Ebbole resides in Mobile County, Alabama, which is in the Southern District of Alabama, Southern Division pursuant to 28 U.S.C. § 81(c)(2).

6. Brighthouse seeks a declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

## Factual Background

7. On or about September 25, 2012, Victor Teumer (the "Decedent") submitted an application for a $500,000 life insurance policy to an entity now known as Brighthouse. *See* Application, attached hereto as **Exhibit A**.

8. On or about October 3, 2012, the entity now known as Brighthouse issued life insurance policy number 212244245US with a face amount of $500,000 to the Decedent (the "Policy"). *See* Policy, attached hereto as **Exhibit B**.

9. The Application designated the Decedent's then-spouse Lee Teumer as the sole beneficiary of the Policy. *See* Ex. A.

10. On or about September 18, 2017, Lee Teumer filed a Petition for Divorce against the Decedent in the Circuit Court of Baldwin County, Alabama styled *Lee Ann Teumer v. Victor Roland Teumer*, Case No. 05-DR-2017-901208 (the "Divorce Action"). *See* Petition for Divorce, attached hereto as **Exhibit C**.

11. On or about September 19, 2017, the court entered a Status Quo Order in the Divorce Action. *See* Status Quo Order, attached hereto as **Exhibit D**.

12. The Status Quo Order directed that "[t]he parties shall not dispose of assets acquired during the marriage without leave of court[.]" *See id.* at ¶ 5.

13. On or about July 31, 2018, the Decedent submitted a Life Insurance Change of Beneficiary form to Brighthouse designating Ebbole as the sole beneficiary of the Policy. *See* July 31, 2018 Life Insurance Change of Beneficiary Form, attached hereto as **Exhibit E**.

14. Brighthouse received and processed the July 31, 2018 Life Insurance Change of Beneficiary form.

15. Brighthouse was not aware of the Divorce Action or the Status Quo Order when it received and processed the July 31, 2018 Life Insurance Change of Beneficiary form.

16. On or about January 6, 2020, a Final Judgment of Divorce was entered in the Divorce Action. *See* Final Judgment of Divorce, attached hereto as **Exhibit F**.

17. The Final Judgment of Divorce stated, "[t]he [Decedent] shall have a life insurance policy on his life in the amount of $500,000.00. [Lee Teumer] shall be responsible for paying for said policy and shall be listed as the sole beneficiary and owner of the policy." *See id.* at ¶ 23.

18. Upon information and belief, the Policy was the Decedent's only life insurance policy.

19. Upon information and belief, following entry of the Final Judgment of Divorce, Lee Teumer paid all premiums for the Policy until the Decedent's death.

20. Upon information and belief, the Decedent failed to comply with the Final Judgment of Divorce and did not designate Lee Teumer as the sole beneficiary and owner of the Policy.

21. The Decedent died on October 2, 2020.

22. Following the Decedent's death, Lee Teumer submitted a claim to the Policy death benefit and Brighthouse paid the benefit to her.

## **Count One – Declaratory Judgment**

23. Brighthouse incorporates Paragraphs 1-22 herein by reference.

24. The Decedent submitted the July 31, 2018 Life Insurance Change of Beneficiary form in violation of the Status Quo Order entered in the Divorce Action.

25. The Decedent further violated the Final Judgment of Divorce entered in the Divorce Action by not designating Lee Teumer as the sole beneficiary and owner of the Policy.

26. Upon information and belief, Lee Teumer complied with the Final Judgment of Divorce entered in the Divorce Action by paying all premiums for the Policy until the Decedent's death.

27. As a result of the foregoing, Brighthouse properly paid the Policy death benefit to Lee Teumer.

28. Brighthouse is therefore entitled to a judicial declaration stating it properly paid the Policy death benefit to Lee Teumer and Ebbole is not entitled to any benefits under the Policy.

29. An actual controversy exists as to whether Brighthouse properly paid the Policy death benefit to Lee Teumer and Ebbole is not entitled to any benefits under the Policy.

30. A declaratory judgment regarding whether Brighthouse properly paid the Policy death benefit to Lee Teumer and Ebbole is not entitled to any benefits under the Policy will completely resolve the controversy between the parties.

## Requested Relief

WHEREFORE, Counterclaim Plaintiff Brighthouse Life Insurance Company respectfully requests the Court:

(a) declare Brighthouse Life Insurance Company properly paid the Policy death benefit to Lee Teumer and Ebbole is not entitled to any benefits under the Policy; and

(b) award Brighthouse Life Insurance Company such other and further relief as the Court deems just and proper.

Dated: October 15, 2024                Respectfully submitted,

**BRESSLER, AMERY & ROSS, P.C.**

*s/ Louis F. Mendez*
David P. Donahue, Esq.
Louis F. Mendez, Esq.
2001 Park Place, Suite 1500
Birmingham, AL 35203
Tel.: (205) 719-0400
Fax: (205) 719-0500
lmendez@bressler.com
ddonahue@bressler.com

*Counsel for Defendant and Counterclaim Plaintiff Brighthouse Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing was filed on October 15, 2024 via the Court's CM/ECF system, which will serve a copy on all counsel of record.

*s/ Louis F. Mendez*
Louis F. Mendez, Esq.
