### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **CHASSITY EBBOLE,** | * |
| | * |
| Plaintiff and Counter Claim Defendant | * |
| | *   CIVIL ACTION NO. 1:24-cv-339 |
| v. | * |
| | * |
| **BRIGHTHOUSE LIFE INSURANCE COMPANY** | * |
| | * |
| | * |
| Defendant and Counter Claim Plaintiff | * |
| | * |
| | * |

## CHASSITY EBBOLE'S ANSWER TO COUNTERCLAIM

Comes now Plaintiff and Counter-Defendant Chassity Ebbole, by and through counsel, and in answer to the Counterclaim of Defendant Brighthouse Life Insurance Company, (hereinafter "Counter-Plaintiff") would state as follows:

1. The allegations of paragraph 1 are denied for lack of information on the part of the Counter-Defendant Chassity Ebbole to determine the truth thereof.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are admitted.

4. The allegations of paragraph 4 are admitted.

5. The allegations of paragraph 5 are admitted.

6. No response of Counter-Defendant is required to the jurisdictional allegations.

7. The allegations of paragraph 7 are admitted.

8. The allegations of paragraph 8 are admitted.

9. The allegations of paragraph 9 are admitted.

10. The allegations of paragraph 10 are admitted.

11. The allegations of paragraph 11 are admitted.

12. The allegations of paragraph 12 are admitted.

13. The allegations of paragraph 13 are admitted.

14. The allegations of paragraph 14 are admitted.

15. The allegations of paragraph 15 are denied for lack of information on the part of the Counter-Defendant to determine the truth thereof.

16. The allegations of paragraph 16 are admitted.

17. The allegations of paragraph 17 are admitted.

18. The allegations of paragraph 18 are denied for lack of information on the part of the Counter-Defendant to determine the truth thereof.

19. The allegations of paragraph 19 are denied for lack of information on the part of the Counter-Defendant to determine the truth thereof.

20. The allegations of paragraph 20 insofar as it is alleged that "the Decedent failed to comply with the Final Judgment of Divorce" are denied, and the allegation that the Decedent "did not designate Lee Teumer as the sole beneficiary and owner of the Policy" are admitted.

21. The allegations of paragraph 21 are admitted.

22. The allegations of paragraph 22 are admitted.

### Count One-Declaratory Judgment

23. Counter-Defendant Chassity Ebbole incorporates by reference her responses to paragraphs 1-22 as though fully set forth herein.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied for lack of information on the part of the Counter-Defendant to determine the truth thereof.

27. The allegations of paragraph 27 are denied.

28. The allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 are admitted.

30. The allegations of paragraph 30 are denied, because in the event that the Court enters its declaratory judgment that Counter-Plaintiff Brighthouse Life Insurance Company improperly paid the Policy death benefit to Lee Teumer, other claims of the Counter-Defendant Chassity Ebbole would remain to be adjudicated.

## DEFENSES

Counter-Defendant Chassity Ebbole asserts the following defenses, jointly and severally:

## FIRST AFFIRMATIVE DEFENSE

Counter-Plaintiff Brighthouse Life Insurance Company has failed to state a cause of action against Counter-Defendant Chassity Ebbole for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Counter-Defendant Chassity Ebbole pleads the affirmative defense of waiver.

## THIRD AFFIRMATIVE DEFENSE

Counter-Defendant Chassity Ebbole pleads the affirmative defense of laches.

**FOURTH AFFIRMATIVE DEFENSE**

Counter-Defendant Chassity Ebbole pleads the affirmative defense of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Counter-Defendant Chassity Ebbole pleads the affirmative defense of negligence.

**SIXTH AFFIRMATIVE DEFENSE**

Counter-Defendant Chassity Ebbole pleads the affirmative defense of assumption of the risk.

**SEVENTH AFFIRMATIVE DEFENSE**

Counter-Defendant Chassity Ebbole pleads the affirmative defense that Counter-Plaintiff Brighthouse Life Insurance Company acted as a volunteer.

**EIGHTH AFFIRMATIVE DEFENSE**

Counter-Defendant Chassity Ebbole pleads the affirmative defense breach of breach of contractual and legal duties.

**NINTH AFFIRMATIVE DEFENSE**

Counter-Defendant Chassity Ebbole pleads the affirmative defense that Counter-Plaintiff Brighthouse Life Insurance Company acted as a volunteer.

**TENTH AFFIRMATIVE DEFENSE**

Counter-Defendant Chassity Ebbole expressly reserves the right to amend her Answer to Counterclaim-Plaintiff Brighthouse Life Insurance Company's Counterclaim against her and/or to assert additional affirmative defenses.

                                                  */s/ William M. Lyon, Jr.*
                                                  WILLIAM M. LYON, JR., ESQ.
                                                  (LYONW9234)
                                                  Attorney for the Plaintiff and Counter
                                                  Defendant Chassity Ebbole

**OF COUNSEL:**
LYON LAW FIRM, P.C.
118 North Royal Street, Suite 701.
Mobile, AL   36602
(251) 490-4446
bj@lyonlawpc.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing pleading was filed on November 13, 2024 via the Court's CM/ECF electronic filing system, which will serve a copy on all counsel of record.

                                                  */s/ William M. Lyon, Jr.*
                                                  WILLIAM M. LYON, JR., ESQ.