IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHASSITY EBBOLE,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CIVIL ACTION NO. 24-00339-JB-B |
| | * |
| **BRIGHTHOUSE LIFE INSURANCE COMPANY,** | * |
| | * |
| | * |
| Defendant. | * |

## PROTECTIVE ORDER AND ORDER OF CONFIDENTIALITY

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to protect the confidentiality of certain information and to facilitate discovery, it is hereby ORDERED as follows:

1. Confidential Designation. Any party to this litigation shall have the right to designate as CONFIDENTIAL any document, portions of a document or other information that it believes in good faith contains confidential, proprietary, or privacy-protected information. Material designated for protection under this Protective Order shall be designated as CONFIDENTIAL by the party or person producing these documents at the time they are produced. A designation as to documents shall be made by placing the legend "CONFIDENTIAL" on each page of any document a party or person wishes to protect against unauthorized disclosure or use. Failure of a party or person to designate a document as CONFIDENTIAL may be corrected by written notice to the receiving party. Documents designated as CONFIDENTIAL shall be used only for prosecuting or defending this action. This order shall apply retroactively to the initial filing in this matter.

2. <u>For Attorneys' Eyes Only Designation</u>. Any confidential material which contains trade secrets or private, confidential, or commercially sensitive information with respect to the parties, witnesses, or other persons not party to this action may be designated as "FOR ATTORNEYS' EYES ONLY." The term "trade secrets" as used herein means information that derives economic value, actual or potential, from not being generally known to other persons who can obtain competitive advantage or economic value from its disclosure or use. "Trade secrets" also means sensitive financial information integral to the parties' business operations for which the parties have a demonstrably compelling interest in avoiding disclosure.

3. <u>Access to Materials Designated as Confidential</u>. Access to any confidential material so designated pursuant to this Order will be solely for the purposes of this litigation and shall be restricted by the terms and restrictions and to the persons expressly described in this Order; such confidential material shall not be disclosed to any other person or third party other than:

    a. Parties and counsel for the parties in this action;

    b. Employees of counsel for the parties in this action to the extent reasonably necessary to render professional services in this action;

    c. Persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably calculated to aid in litigating this action only;

    d. Deponents, trial witnesses, and potential deposition and trial witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action only;

    e. Any mediators or arbitrators that review evidence in this case;

  f.  The Court and Court personnel, court reporters and videographers, employees of outside copy services used to make copies of documents or other information subject to this Protective Order to the extent reasonably necessary for the conduct of this action and under the terms and limitations specified in this Protective Order.

Disclosure of such confidential information shall be restricted to the individuals set forth above and may not be disclosed to any other person, including the media or other individuals.

  4.  <u>Access to Materials Designated as For Attorneys' Eyes Only</u>. Access to any material designated "FOR ATTORNEYS' EYES ONLY" pursuant to this Order will be solely for the purposes of this litigation and shall be restricted by the terms and restrictions and to the persons expressly described in this Order; material designated "FOR ATTORNEYS' EYES ONLY" shall not be disclosed to any other person or third party other than counsel for the parties in this action. Disclosure of material designated "FOR ATTORNEYS' EYES ONLY" shall be restricted to counsel for the parties in this action, and may not be disclosed to any other person, including the media or other individuals.

  5.  <u>Depositions</u>. Any deposition or other testimony may be marked CONFIDENTIAL by declaring orally that certain information or documents are CONFIDENTIAL. Each portion of any deposition transcript which contains CONFIDENTIAL information shall be separately transcribed, bound and sealed together with any CONFIDENTIAL documents introduced as an exhibit.

  6.  <u>Filing Confidential Information or For Attorneys' Eyes Only with the Court</u>. All documents designated as CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY, or as containing CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY information, if filed with the Court, shall be filed under seal. Nothing herein shall prevent counsel in this action from submitting,

referring to, quoting from, paraphrasing, or otherwise using any confidential information at any trial, testimony, or hearing in this litigation or in any depositions, transcripts, briefs, pleadings, motions, or other documents submitted to or filed with the Court in this action. Before filing any motions, briefs, legal memoranda, or other papers with the Court which may disclose the contents, in whole or in part, of "CONFIDENTIAL INFORMATION" or "FOR ATTORNEYS' EYES ONLY" materials, the filing party shall move the Court to make the filing under seal. The burden of establishing that the materials are entitled to protection is on the party who designated or otherwise labeled the materials as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY." The materials shall continue to be treated in accordance with the provisions of this Order until the motion is ruled upon.

    7.    <u>Non-Waiver Provisions</u>. Irrespective of the care taken concerning its production or disclosure, to the extent that any Party produces any documents and things, whether inadvertent or otherwise, whether or not marked "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY", which contain non-public personal or commercially-sensitive information of the producing Party or of third-parties, and/or information, documents, and things protected by any privilege or immunity (including, but not limited to, the attorney-client privilege, the work product doctrine, the privilege of self-critical analysis, bank examination privilege, and under any bank secrecy laws or regulations), such production is not intended to be, and shall not be construed to be, a waiver of any confidentiality, privilege, or other protection from disclosure. Upon notice or discovery of materials subject to this paragraph, the receiving Party shall immediately refrain from reading or otherwise reviewing such materials, will not use, disclose, or disseminate the materials in any way, and will promptly return the materials to the producing Party or destroy the materials (including all metadata associated therewith). No copies shall be kept by the receiving Party. The receiving

Party may challenge the producing Party's designation and attempt to withdraw the document from the production under this provision. Such a challenge shall be made to the Court in the above-titled action, but the receiving Party agrees to comply with the terms of this paragraph pending the Court's ruling on such challenge. With respect only to documents which the producing Party maintains are subject to the attorney-client privilege, attorney work product doctrine, or the privilege of self-critical analysis, the receiving Party may keep a record of information sufficient to identify the document which the producing party maintains is subject to the attorney-client privilege, attorney work product doctrine, or the privilege of self-critical analysis and its subject matter, in such a manner that would enable the receiving Party to challenge the producing Party's designation and attempt to withdraw it from the production.

8.    <u>Challenge to Confidentiality or For Attorneys' Eyes-Only Designation</u>. A party shall not be obligated to challenge the propriety of a designation as CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation objects at any stage of these proceedings to the designation of any information as CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court. Exceptions to this Protective Order may be made by agreement of the parties, and any party may move the Court to modify the Order.

9.    <u>Conclusion of these Proceedings</u>. All documents designated as CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY or as containing CONFIDENTIAL or FOR ATTORNEYS' EYES-ONLY information and all copies thereof shall be returned to counsel for the producing party within ninety (90) days after the conclusion of this litigation, including the final exhaustion

of all appeals, unless the parties herein agree upon appropriate methods for the destruction of such material. All electronic copies of documents designated as CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY shall be permanently deleted under the same circumstances that copies of such documents shall be returned to counsel for producing party.

      10.    <u>Violation of this Order</u>. In the event any party violates the terms of this order, the violating party shall be subject to enforcement by the Court, including possible sanctions and contempt proceedings.

      11.    <u>Continuing Obligation</u>. This protective order and order of confidentiality shall continue to be binding after the conclusion of this matter.

    DONE this ___ day of _____, 2024.

                                      _____
                                      UNITED STATES MAGISTRATE JUDGE